IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **THE VERIZON EMPLOYEE BENEFITS COMMITTEE**, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:05-CV-1860-L |
| | § | **ECF** |
| **HENRY A. JAEGER, III**, | § § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before this court is Defendant Henry A. Jaeger, III's Motion to Dismiss for Lack of Jurisdiction, Insufficiency of Service of Summons or Improper Venue ("Motion to Dismiss"), filed December 20, 2005. After careful consideration of the motion, briefs, appendices, response, record and the applicable law, the court **denies** Defendant's Motion to Dismiss.

## I.  BACKGROUND

This is a suit to recover an alleged overpayment of pension benefits under a plan covered by the Employee Retirement Income Security Act of 1974 ("ERISA"). *See* ERISA § 3(1), 29 U.S.C. 1002(1). Plaintiff The Verizon Employee Benefits Committee ("Plaintiff" or "Verizon") filed this action on September 19, 2005, against Defendant Henry A. Jaeger, III ("Defendant" or "Jaeger"). Jaeger worked for Verizon, its subsidiaries or predecessor corporations, from July 31, 1970, until his retirement on November 25, 2003. According to Verizon's Complaint, Jaeger was entitled to receive a lump sum retirement benefit of $187, 252.40, based on his participation in the ERISA-covered pension plan (the "Plan") managed by Plaintiff. Verizon's Complaint Seeking Recovery

of Overpayment, Constructive Trust and Injunctive Relief ("Verizon Complaint") at 2.[1] Instead, Verizon asserts it paid Jaeger a lump sum of $393,080.01 in June 2004, due to an "administrative error." Verizon Complaint at 2-3. Verizon now seeks equitable recovery of the $205,827.61 it believes it has overpaid Jaeger, including a preliminary injunction prohibiting Jaeger from using the alleged overpayment and a constructive trust on that amount traceable to the benefit payment. Verizon Complaint at 4.

Defendant Jaeger is a West Virginia resident who has only lived in the states of West Virginia and Maryland during his lifetime. Declaration of Henry A. Jaeger, III ("Jaeger Declaration") ¶ 2. Jaeger's Motion to Dismiss contends he has "not been in Texas since around 1992 or 1993," and, therefore, lacks sufficient contacts with the state for this court to exercise personal jurisdiction over him. *See* Jaeger Declaration ¶ 3. Additionally, Jaeger contends the Northern District of Texas is an improper venue for this action because this is not where the Plan is administered, where a breach involving the Plan occurred, or where Defendant resides or may be found, the places where the statute governing ERISA actions authorize for venue. *See* 29 U.S.C. § 1132(e)(2); Jaeger's Brief in Support of his Motion to Dismiss ("Jaeger's Brief") at 5. Finally, Jaeger contends that the service of summons he received at his residence in West Virginia was insufficient, because he argues that § 1132(e)(2) authorizes service upon a defendant outside the forum state only when the ERISA action is filed in the proper venue, which he disputes. Jaeger's Brief at 3-4. Conversely, Verizon asserts that this court has personal jurisdiction over Jaeger

---

[1] Verizon filed a First Amended Complaint, Seeking Recovery of Overpayment, Constructive Trust, and Injunctive Relief, on February 8, 2006, after filing its response to Defendant's Motion to Dismiss. The Amended Complaint pleaded identical facts relevant to the jurisdiction, service of summons and venue questions at issue, and added facts related to the tracing of the pension funds. Since Defendant's Motion to Dismiss relied upon the original Complaint, pleading the identical jurisdictional facts, this court will also reference Plaintiff's original Complaint in this order.

**Memorandum Opinion and Order - Page 2**

because the Plan is administered here in Texas, which makes this a proper forum for its action, satisfying venue and service of summons requirements under § 1132(e)(2).  For the reasons stated below, the court agrees that it may exercise personal jurisdiction over Jaeger, and that this is a proper venue for the action, satisfying the service of summons requirements under § 1132(e)(2).

## II.  MOTION TO DISMISS

### A.  Legal Standards

On a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing a *prima facie* case for the court's jurisdiction over a nonresident defendant.  *See Ham v. La Cienega Music Co.*, 4 F.3d 413, 415 (5th Cir. 1985); *Suart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985).  When the court rules on the motion without an evidentiary hearing, the plaintiff may establish personal jurisdiction by presenting a *prima* facie case that personal jurisdiction is proper, *id.*, and proof by a preponderance of the evidence is not required.  *Int'l Truck and Engine Corp. v. Quintana*, 259 F.Supp.2d 553, 556 (N.D. Tex. 2003) (*citing WNS, Inc. v. Farrow*, 884 F.2d 200, 203 (5th Cir. 1989)).  The court may determine the jurisdictional issue by receiving affidavits, interrogatories, depositions, oral testimony or any combination of the recognized methods of discovery.  *Stuart*, 772 F.2d at 1192.  Uncontroverted allegations in a plaintiff's complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in favor of the plaintiff.  *Bullion v. Gillespie*, 895 F.2d 213, 217 (5th Cir. 1990).  After a plaintiff makes his *prima facie* case, the burden then shifts to the defendant to present a "compelling case that the presence of some other consideration would render jurisdiction unreasonable."  *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985).

A federal court has jurisdiction over a nonresident defendant if the state long-arm statute confers personal jurisdiction over that defendant, and if the exercise of jurisdiction is consistent with due process under the United States Constitution. *Ruston Gas Turbines, Inc. v. Donaldson Co., Inc.*, 9 F.3d 415, 418 (5th Cir. 1993). Because the Texas long-arm statute extends to the limits of federal due process, *Schlobohm v. Schapiro*, 784 S.W.2d 355, 356-57 (Tex. 1990), the court must determine whether (1) the defendants have established "minimum contacts" with the forum state; and (2) whether the exercise of personal jurisdiction over the defendants would offend "traditional notions of fair play and substantial justice." *Ruston Gas Turbines*, 9 F.3d at 418 *(citing Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

The "minimum contacts" prong is satisfied when a defendant "purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *Burger King*, 471 U.S. at 475. The nonresident defendant's availment must be such that the defendant "should reasonably anticipate being haled into court" in the forum state. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). This test "ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts, or of the 'unilateral activity of another party or a third person.'" *Burger King*, 471 U.S. at 475 (citations omitted). As noted above, once minimum contacts are established, a defendant must present "a compelling case that the presence of some consideration would render jurisdiction unreasonable." *Burger King*, 471 U.S. at 477. In fact, only in rare cases will the exercise of jurisdiction not comport with fair play and substantial justice when the nonresident defendant has purposefully established minimum contacts with the forum state. *See Asahi,* 480 U.S. at 116;

**Memorandum Opinion and Order - Page 4**

*Guardian Royal Exch. Assurance, Ltd. v. English China Clays, P.L.C.*, 815 S.W.2d 223, 231 (Tex. 1991).

In this case, 29 U.S.C. §1132, which governs the administration and enforcement of ERISA benefits plans, provides the requirements for service of process and venue:

> Where an action under this subchapter is brought in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found.

29 U.S.C. § 1132(e)(2). The Fifth Circuit has held that these provisions amount to a congressionally legislated "nationwide service of process" in ERISA actions, such that the relevant personal jurisdiction inquiry becomes whether the defendant has had minimum contacts with the United States. *Bellaire Gen. Hosp. v. Blue Cross Blue Shield*, 97 F.3d 822, 825 (5th Cir. 1996) (citing *Busch v. Buchman, Buchman & O'Brien, Law Firm*, 11 F.3d 1255 (5th Cir. 1994)). Other federal courts have disagreed with such a broad exercise of personal jurisdiction in cases involving nationwide service of process provisions. *See Republic of Panama v. BCCI Holdings(Luxembourg) S.A.*, 119 F.3d 935, 947 (11th Cir. 1997). The Eleventh Circuit, in rejecting the Fifth Circuit's approach, held that the Fifth Amendment still requires a personal jurisdiction inquiry to "comport with traditional notions of fair play and substantial justice." *Id.* "Therefore, even when a defendant resides within the United States, courts must ensure that requiring a defendant to litigate in the plaintiff's chosen forum is not unconstitutionally burdensome." *Id.*

The Fifth Circuit had adopted the same sentiment in the precise case where it held that ERISA's nationwide service of process provision expands the minimum contacts analysis to one encompassing the entire United States. *See Bellaire*, 97 F.3d at 826. The court stated:

> We fail to apprehend how personal jurisdiction can be separated from due process by Congressional enactment of nationwide service of process provisions . . . "Because the personal jurisdiction requirement is a function of the individual liberty interest, the proper fucus should be protecting an individual's liberty interest in avoiding the burdens of litigating in a distant or inconvenient forum. Requiring that the individual defendant in a national service of process case only reside somewhere in the United States does not protect this interest."

*Id.* (quoting J. Garza's dissent in *Busch*, 11 F.3d at 1259). The court explained that its holding in *Bellaire* was controlled by its prior holding in *Busch*, interpreting a "nationwide service of process" provision in the 1934 Securities Exchange Act. "Thus, though we follow *Busch* today and find that the district court properly exercised personal jurisdiction over Blue Cross in this case, we do so with grave misgivings regarding the authority upon which we rely." *Id.* Likewise, this court is bound to follow the Fifth Circuit's reluctant holding from *Bellaire* that, in ERISA cases, so long as a defendant has established minimum contacts with the United States, he is subject to the personal jurisdiction of this court, and may be served with process anywhere the statute permits. As the Fifth Circuit noted, "a legally indistinguishable decision of this court must be followed by other panels of this court and district courts unless overruled en banc or by the United States Supreme Court." *Id.* at 826 n.3. (internal citations omitted). No Supreme Court decision or an *en banc* decision of the Fifth Circuit has overruled *Busch* or *Bellaire*.

### B.  Analysis

Applying the legal standards explained above, the court determines that ERISA's national service of process provision permits this court to exercise personal jurisdiction over Defendant Jaeger, so long as he has had sufficient minimum contacts with the United States. The court finds that Jaeger's lifelong residency within the United States establishes the necessary minimum contacts, such that an exercise of personal jurisdiction over him would comport with constitutional due

**Memorandum Opinion and Order - Page 6**

process requirements. Defendant Jaeger has not presented a "compelling case that the presence of some other consideration would render jurisdiction unreasonable." Further, he has not moved to transfer venue for "the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404. Accordingly, this court is authorized under § 1132(e)(2) to exercise personal jurisdiction over Defendant Jaeger.

Similarly, the ERISA's national service of process provision defeats Jaeger's argument for insufficient service of process. The statute makes it clear that an action may be initiated in one of four places: (1) where the plan is administered; (2) where the breach took place; (3) where a defendant resides; or (4) where a defendant may be found; and "process may be served in any other district where a defendant resides or may be found." 29 U.S.C. § 1132(e)(2). Here, Defendant resides and was found and served with process in his home state of West Virginia. Defendant's Motion at 1. Jaeger argues that while § 1132(e)(2) authorizes service outside of a forum state "under certain circumstances, it does so on its face only in connection with the filing of an action in federal court within a proper district as determined by the same provision." Jaeger's Brief at 4. This court disagrees. The plain language of the statute states that "process may be served in any *other* district where a defendant resides or may be found." § 1132(e)(2). Whether Plaintiff's choice of venue is proper is a separate inquiry to the issue of whether process may be served anywhere the defendant "resides or may be found." As Defendant was served with process, as the statute requires, in a location where he resides and was found, this court rejects Jaeger's argument that this action should be dismissed for insufficient service of summons.

Defendant next argues that the Northern District of Texas is an improper venue, because the Plan is not administered here, no breach occurred here, and Defendant does not reside here. Jaeger's

**Memorandum Opinion and Order - Page 7**

Brief at 5. Plaintiff does not assert that a breach occurred in Texas, or that Defendant resides here. Plaintiff, however, does allege in its Complaint that the ERISA benefits plan at issue "is administered in this judicial district." Verizon Complaint at 2. Specifically, Verizon's Complaint alleges that "[r]esponsibility for day-to-day administration of the Plan (including recoupment of overpayments) has been delegated by the Verizon Employee Benefits Committee to the pension administration department within the Verizon human resources department in Coppell and Irving, Texas." *Id.*  Uncontroverted allegations in a plaintiff's complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in favor of the plaintiff. *Bullion* 895 F.2d at 217. Here, Jaeger contends that Plaintiffs have merely alleged "a delegation of certain of its responsibilities in connection with the employee benefit plan at issue to individuals in Texas," which he believes is insufficient "to establish that this district is the one in which the plan was administered." Jaeger's Brief at 5. This assertion does not controvert Verizon's pleadings. Jaeger is merely arguing that not *enough* of the Plan is administered in Verizon's Texas offices to justify venue in this District. Even if the court accepts this argument as a genuine conflict over where the Plan is administered, the court must resolve such conflicts in Plaintiff's favor. *See Bullion* 895 F.2d at 217. This court is satisfied that Verizon's pension plan is "administered" within this district, particularly in light of Verizon's response to Defendant's Motion to Dismiss. Verizon submitted a declaration from Stephanee Wallace, its "Executive Director–Benefits," who works in the Coppell, Texas, office. Wallace Declaration ¶ 2. Wallace states that Verizon's Pension Department in Texas "has the authority to interpret the Plan, exercise control over disbursements of assets in the Plan, to deny or pay benefits from the Plan, to pursue the recovery of overpaid

**Memorandum Opinion and Order - Page 8**

pension benefits, and to perform various other tasks necessary to manage and administer the Plan."[2] Wallace Declaration ¶ 5. Since Verizon's pension plan is administered in Dallas, § 1132(e)(2) provides that this District is a proper venue for this action.

### III. CONCLUSION

For the reasons stated herein, the court determines that it has personal jurisdiction over Defendant Jaeger, pursuant to § 1132(e)(2). Further, the summons served upon Jaeger at his home in West Virginia was not insufficient. Finally, this District is a proper venue for Plaintiff's ERISA action. Accordingly, the court **denies** Defendant's Motion to Dismiss for Lack of Jurisdiction, Insufficiency of Service of Summons or Improper Venue.

**It is so ordered** this 28th day of September, 2006.

Sam A. Lindsay
United States District Judge

---

[2]Other courts examining the issue of where a plan is "administered" have taken the general meaning of the word, along with legislative history of § 1132(e)(2), and concluded that "the plain meaning of 'administer' means 'to manage,'" and that one plan may be administered in more than one district. *Wallace v. Am. Petrofina, Inc.*, 659 F.Supp. 829, 831 (E.D. Tex. 1987) (citing *Sprinzen v. Supreme Court of the State of New Jersey*, 478 F.Supp. 722 (S.D.N.Y. 1979)); *Boyer v. J.A. Majors Co. Employees' Profit Sharing Plan*, 481 F.Supp. 454 (N.D. Ga. 1979); *Bostic v. Ohio River Co. (Ohio Div.) Basic Pension Plan*, 517 F.Supp. 627, 632 (D.C. W.Va. 1981)).